IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RAIFORD BEASLEY,

    Plaintiff,

v.                           Civil Action No. 3:16cv940

WELLS FARGO BANK, N.A.,

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE PLAINTIFF'S WARRANT IN DEBT OR ALTERNATIVELY MOTION FOR MORE DEFINITE STATEMENT (ECF No. 3) ("Motion to Dismiss") and Plaintiff Raiford Beasley's Motion to Remand (ECF No. 6). For the reasons set forth below, the Motion to Remand will be granted and the Defendant's Motion to Dismiss will be denied as moot.

### BACKGROUND

This action began in the General District Court of Henrico County where Beasley filed a Warrant in Debt seeking $25,000 in damages based on the single statement that "Wells Fargo submitted wrongly negative information to the credit agency that damaged my credit rating." (ECF No. 1, Exhibit B). Concluding that Beasley was alleging violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et. seq.*, Wells Fargo filed a

timely[1] notice of removal to this Court (ECF No. 1). Wells Fargo has since filed a motion to dismiss the Warrant in Debt, and alternatively asks the Court to order a more definite statement pursuant to Fed. R. Civ. P. 12(e). (ECF No. 4, 1-4).

On December 21, 2016, Beasley filed this Motion to Remand (ECF No. 6), clarifying that his action is for breach of contract only. Wells Fargo nonetheless opposes remand and has filed DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF RAIFORD BEASLEY'S MOTION TO REMAND (ECF No. 6) ("Def. Resp."). Wells Fargo maintains that the Warrant in Debt indicates a federal claim. Id. 3-4.

Beasley has requested a hearing on his motion (ECF No. 7); however, the briefs that have been filed adequately present the dispute, and further argument would not aid the Court in reaching a decision. Thus, the Court denies Beasley's request in its discretion under Fed. R. Civ. P. 78, and proceeds to the merits of the motions. For the reasons set forth below, Beasley's Motion to Remand will be granted and the Defendant's Motion to Dismiss will be denied as moot.

---

[1] Wells Fargo was served with the Warrant in Debt on October 31, 2016. (ECF No. 1 at ¶8). The notice of removal was filed November 30, 2016. Id.

2

**DISCUSSION**

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part:

> (a) ... any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"Because removal jurisdiction raises significant federalism concerns," the Fourth Circuit has concluded that district courts "must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). Consequently, if federal jurisdiction is doubtful, a remand is necessary. Id.

Jurisdiction is at best doubtful here. Although Beasley's initial statement on the Warrant in Debt could be read as stating a claim under Federal law, he has since clarified otherwise. His motion to remand reads as follows:

> I am requesting to have this case moved back to Henrico General District Court. This case was filed as a result of the breach of a verbal and written agreement to resolve a case (GV-13-15762-00) previously filed in Henrico General District Court. (Court Date 9/6/13). Wells Fargo was negligent in honoring their commitment. I am requesting a hearing before a judge.

(Beasley's Motion 1). Most plausibly read, Beasley's motion demonstrates that he is asserting a claim for breach of

3

contract, specifically a "verbal and written agreement to resolve" an earlier case also filed in General District Court. Id. That claim does not "arise[] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court therefore lacks jurisdiction in this case, and remand is necessary.

Wells Fargo maintains that jurisdiction is proper by continuing to construe only the one-line Warrant in Debt, and otherwise arguing that the "outcome of this case depends upon questions of federal law," in particular preemption. (Def. Resp. 3-4). However, Wells Fargo's position is contrary to the established principle that a federal defense, even one of preemption, does not confer subject-matter jurisdiction under 28 U.S.C. § 1331. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 12 (1983) (holding that removal was improper even if "neither the obligation created by state law nor the defendant's factual failure to comply are in dispute, and both parties admit that the only question for decision is raised by a federal preemption defense").

Beasley is the master of his complaint, and he is not bound by how the Defendant interprets it. Caterpillar Inc. v. Williams, 482 U.S. 386, 398 (1987). Most importantly for purposes of this case, Beasley "may, *by eschewing claims based*

*on federal law*, choose to have the cause heard in state court." Id. at 398-99 (emphasis added). That is especially so where, as here, the state court action is commenced by filing a Warrant in Debt, which requires only a terse description of the claim, and which was filed by a lay person acting *pro se*. Beasley's motion to remand makes it clear that he is "eschewing claims based on federal law." Id. Therefore, there is no basis for subject matter jurisdiction in this case, and the Court will grant Beasley's Motion to Remand. Having determined that the Court lacks subject matter jurisdiction, the Court will also deny the Defendant's Motion to Dismiss as moot.

## CONCLUSION

For the reasons stated above, Beasley's Motion to Remand (ECF No. 6) will be granted. DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE PLAINTIFF'S WARRANT IN DEBT OR ALTERNATIVELY MOTION FOR MORE DEFINITE STATEMENT (ECF No. 3) will be denied as moot.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 6, 2017